FIRST STATE BANK OF SOUTH HAVEN v. MONROE'S
ESTATE.

1. Executors and Administrators—Closing Estate—Statutes.
    Within meaning of statute authorizing probate judge to revive
    commission on claims, the estate of a deceased person is deemed
    closed when the administrator is discharged (3 Comp. Laws
    1929, § 15680).

2. Same—Probate Court—Jurisdiction—Closing Estate—Revival
   of Commission on Claims.
    * Jurisdiction of probate court to entertain petition to reopen
    hearing on claims against the estate of a deceased person ex-
    tends during the period for rehearing of final decree closing
    the estate (3 Comp. Laws 1929, § 15680).

Appeal from VanBuren; Warner (Glenn E.), J.
Submitted April 3, 1935. (Docket No. 39, Calendar
No. 38,297.) Decided June 3, 1935.

In the matter of the estate of George C. Monroe,
deceased. On petition of First State Bank of South
Haven, Michigan, to reopen hearing of claims. From
order granting petition, Randolph B. Monroe, ad-
ministrator, appealed to circuit court. From dis-
missal of appeal, he appeals. Affirmed.

*David Anderson* and *David Anderson, Jr.,* for ap-
pellant.

*Lynn J. Lewis,* for appellee.

Fead, J. The will of George C. Monroe was ad-
mitted to probate January 23, 1933. Order allowing
claims and closing hearing of claims was made Octo-
ber 17, 1933. Final account of the administrator was
allowed June 13, 1934. The last day for appeal from
the order was July 3d and for rehearing was Sep-

tember 11th. Order assigning residue of the estate was made June 21st, and receipts for distribution of the residue, for debts, and for taxes were filed on or before July 3d. The last day for appeal from the order was July 11th and for petition for rehearing was September 21st. No appeal was taken or motion for rehearing made as to either order. No order was made discharging the administrator or his bond.

July 11, 1934, plaintiff filed petition to reopen hearing on claims. The petition was granted and the hearing set for October 12, 1934. Plaintiff filed claim for statutory assessment on bank stock held by deceased, and the claim was allowed.

The question is whether the petition to reopen the hearing on claims came too late. Under 3 Comp. Laws 1929, § 15680:

"On the application of a creditor who has failed to present his claim, if made at any time before the estate is closed, the judge of probate may revive the commission and allow further time not exceeding one month, for such creditor to present his claim to the commissioners."

The ordinary meaning of the words of the statute is that an estate is closed when the administrator is discharged. The meaning is so apparent that it has been casually assumed by this court. *Showers* v. *Robinson,* 43 Mich. 502, 508. Jurisdiction to entertain petition to reopen the hearing on claims extends during the period for rehearing of final decree closing the estate. *In re Fletcher's Estate,* 265 Mich. 234. The court had jurisdiction to make the order.

Affirmed, with costs.

Potter, C. J., and Nelson Sharpe, North, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.